# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JAMES T. BENNETT, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:07CV675 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff James T. Bennett, Jr. seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying his claim for Disability Insurance Benefits. The Commissioner's denial decision became final on July 27, 2007, when the Appeals Council found no basis for review of the hearing decision of the Administrative Law Judge ("ALJ"). In this action, the parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

### The Claimant

Plaintiff was born on June 19, 1966, and was 34 years of age on his alleged onset date of disability. He has a high school education. Plaintiff has past relevant work experience as a material handler, machine operator and forklift operator. Plaintiff alleges disability as of November 17, 2000 due to bilateral total hip replacements with residual arthritis and pain.

## The Administrative Proceedings

Plaintiff filed an application for Disability Insurance Benefits on February 20, 2001, alleging disability as of November 17, 2000 due to extreme left hip pain. His claim was denied initially and on reconsideration, and Plaintiff filed a request for a hearing. A hearing was held on March 20, 2003, and a partially favorable decision granting benefits from November 17, 2000 to March 5, 2002 was issued on May 29, 2003. Plaintiff filed a request for review, and on April 15, 2005, the Appeals Council remanded the action for further consideration by the ALJ. A second hearing was held on August 2, 2005, and a second partially favorable decision granting benefits for the same closed period was issued on September 15, 2005. Plaintiff again sought review, and on July 27, 2007, the Appeals Council found no basis on which to review the ALJ's decision. Plaintiff thereafter filed a request for judicial review.

The findings of the ALJ relevant to this review include the following:

1-2. Plaintiff filed a Title II application on February 20, 2001, alleging disability as of November 17, 2000. Plaintiff met the earning requirements of the Act on his alleged onset date of disability and has continued to meet them at least through the date of the decision.

3-5. Plaintiff is 38 years old and is a "younger individual." He has a "high school and above" education and past relevant work as a material handler, machine operator and forklift operator. He has not engaged in substantial

-2-

gainful activity at any time relevant to the decision. Plaintiff's past relevant work as he described it is semi-skilled, medium to heavy exertional level work.

6-7. Plaintiff's bilateral hip replacements with residual osteoarthritis and pain are "severe" impairments but do not meet or medically equal one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1.

8. Plaintiff is unable to perform any of his past relevant work.

9. During the period from November 17, 2000 to March 5, 2002, Plaintiff's combined impairments precluded him from performing any substantial gainful activity on a sustained basis.

10. Plaintiff's testimony concerning the period commencing on March 5, 2002 is not fully credible.

11. As of March 5, 2002, Plaintiff has the residual functional capacity to perform a limited range of sedentary and light work. Plaintiff is limited to work with a sit/stand option which allows Plaintiff to change positions every twenty minutes. He is further limited to work which involves only occasional bending, stooping and twisting and no operation of foot controls, and which allows him to walk with a cane no more than two city blocks at a time.

12-14. Plaintiff has no transferable skills and is unable to perform his past relevant work. Considering Plaintiff's age, education, past vocational experience and residual functional capacity, Rule 202.21 of the Medical-

Vocational Guidelines, in conjunction with the credible testimony of a vocational expert, directs a conclusion that Plaintiff is not disabled within the meaning of the Social Security Act as of March 5, 2002.

## The Scope of Review

The scope of judicial review by this Court of the Commissioner's decision denying benefits is limited. *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). The Court must review the entire record to determine whether the Commissioner has applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where this is so, the Commissioner's findings are conclusive. The Court may not reweigh conflicting evidence that is substantial in nature and may not try the case *de novo*. *Id.* Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted), or "evidence which . . . consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted).

## Discussion

In making a decision on Plaintiff's claim, the ALJ followed a five-step analysis set out in the Commissioner's regulations. 20 C.F.R. § 404.1520 (2008). Under the regulations, the ALJ is to consider whether a claimant (1) is engaged in substantial gainful activity; (2)

-4-

has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. The burden of persuasion is on the claimant through the fourth step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). If the claimant reaches the fifth step, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering his age, education and work experience. *Id.*

In this case, the ALJ found that Plaintiff met the disability insured status requirements of the Social Security Act on November 17, 2000, his alleged onset date of disability, and continued to meet them through the date of the decision. At step one of the sequential evaluation, the ALJ found that Plaintiff did not engage in substantial gainful activity at any time relevant to his decision. Proceeding to step two, the ALJ found that Plaintiff suffers from bilateral hip replacements with residual pain and osteoarthritis, impairments that are severe within the meaning of 20 C.F.R. § 404.1520(c). The ALJ proceeded with the sequential evaluation and found at step three that Plaintiff does not have an impairment, or combination of impairments, that meets or equals the ones listed in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1. The ALJ concluded his evaluation at steps four and five, finding that Plaintiff's impairments precluded him from performing any work during the period from November 17, 2000 to March 5, 2002, during which time Plaintiff was "disabled." The ALJ found, however, that as of March 5, 2002, Plaintiff was no longer disabled and has the

residual functional capacity to perform a limited range of sedentary and light work. Specifically, Plaintiff is limited to work with a sit/stand option which allows Plaintiff to change positions every twenty minutes. He is further limited to work which involves only occasional bending, stooping and twisting and no operation of foot controls, and which allows him to walk with a cane no more than two city blocks at a time. He is not capable of returning to his past relevant work. Based on Plaintiff's residual functional capacity and his age, education and work experience, and considering the testimony of a vocational expert, the ALJ found that Rule 202.21 directs a conclusion that Plaintiff is not disabled after March 5, 2002.

In this action for judicial review, Plaintiff first argues that the ALJ committed reversible error by failing to comply with the Appeals Council's April 15, 2005 order requiring, *inter alia,* that the ALJ obtain evidence, if available, from a medical expert to clarify the severity and limiting effects of Plaintiff's physical impairments. (Docket No. 15, Pl.'s Br. Supp. Mot. for Summ. J., at 3-5.) The ALJ referred to the order in his decision but declined to obtain evidence from a medical expert. The ALJ concluded that because this is a "pain case" and not subject to objective quantification, a medical expert was not necessary to the proper adjudication of the case. (Tr. at 35-36.)

The merit of Plaintiff's argument, however, is beyond the scope of this Court's review. The Court may decide only whether the Commissioner has applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence.

-6-

*Hays*, 907 F.2d at 1456. It will not review internal, agency-level proceedings, and therefore will not address whether the ALJ complied with specific provisions of the Appeals Council's remand order.[1]

Plaintiff also argues that the ALJ improperly evaluated the opinion of Plaintiff's treating physician, Ward S. Oakley, that Plaintiff "'will require sedentary work only.'" (Docket No. 15 at 6)(quoting Tr. at 148.) The ALJ considered Dr. Oakley's statement and concluded that Dr. Oakley did not use the term sedentary as it is defined in the Social Security Regulations but instead meant that Plaintiff could work only in jobs which allowed him to sit for much of the workday. (*Id.* at 34.) In support of his finding, the ALJ noted that Dr. Oakley neither tested nor opined on Plaintiff's ability to lift or carry. (*Id.*) Plaintiff argues, however, that Dr. Oakley used the term sedentary as it is defined in the Regulations and the opinion should be interpreted to include limitations on Plaintiff's ability to lift and carry. (Docket No. 15 at 7.)

The Court disagrees and finds that the ALJ's finding concerning Dr. Oakley's statement is supported by substantial evidence. "Adjudicators must not assume that a medical source using terms such as 'sedentary' and 'light' is aware of our definitions of these terms." Social Security Ruling 96-5p, *Policy Interpretation Titles II and XVI: Medical*

---

[1] The Court notes that in finding no basis for review of the ALJ's decision, the Appeals Council found by implication that the ALJ adequately complied with its remand order.

*Source Opinions on Issues Reserved to the Commissioner* ("SSR 96-5p"). The term "sedentary" as used in the Regulations is a term of art defined as work which involves lifting no more than ten pounds at a time and only occasional standing and walking. 20 C.F.R. § 404.1567(a). Here, Dr. Oakley offered no opinion on Plaintiff's ability to lift, and there is nothing in the record indicating that Dr. Oakley used the term "sedentary" in the context of social security disability. Instead, as the Commissioner points out, the term sedentary in the medical context refers to "sitting habitually; of inactive habits; pertaining to a sitting posture." *Dorland's Illustrated Medical Dictionary* (27th ed. 1988).

Moreover, although an opinion from a treating physician on the nature and severity of a claimant's impairments may be entitled to significant or even controlling weight, Dr. Oakley's opinion that Plaintiff can perform only sedentary work is entitled to little weight as it is merely a conclusory statement on an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(e); SSR 96-5p. "The judgment regarding the extent to which an individual is able to perform exertional ranges of work goes beyond medical judgment regarding what an individual can still do and is a finding that may be dispositive of the issue of disability." SSR 96-5p.

Finally, Dr. Oakley's statement that Plaintiff could perform only sedentary work is inconsistent with his earlier conclusion that Plaintiff was precluded by his limitations for any

"physically demanding type of work."[2] (*See id.* at 146.) This is further substantial evidence supporting the ALJ's finding.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for summary judgment (Docket No. 14) be denied, that the Commissioner's motion for judgment on the pleadings (Docket No. 16) be granted, and that judgment be entered in favor of the Commissioner.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: June 24, 2009

---

[2] Dr. Oakley examined Plaintiff on March 5, 2002 and found no evidence of significant osteoporosis or any evidence of neural compromise or peripheral neuropathy. (*Id.* at 146.) He ordered conservative treatment and determined he could offer nothing further to help Plaintiff. (*Id.*) As a result of this examination, Dr. Oakley concluded that Plaintiff was unable to perform any "physically demanding type of work." (*Id.*)